IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARYL NICHOLS, #43918037     *
         Plaintiff,
     v.     *    CIVIL ACTION NO. CCB-10-2446

DET. BRIAN LEWIS     *
         Defendants.
                               ***

MEMORANDUM

On September 2, 2010, the court received for filing Daryl Nichols's ("Nichols") civil rights complaint for $2,500,000.00 in damages against a Baltimore City homicide detective. Nichols complains that in February 1, 2009, he was brought in for questioning by Homicide Detective Brian Lewis concerning a kidnapping and informed that his vehicle may have been involved in the offense. Nichols claims that prior to his "detention" Lewis obtained a search warrant of Nichols' residence and $2,000.00 in currency and 497 rounds of ammunition were seized Paper No. 1. In addition, Nichols's vehicle was confiscated. He further states that while being questioned by Baltimore City Police he was searched and $1,060.00, two cellular phones, a watch, and a driver's license were taken from him.

Nichols asserts that after Detective Lewis questioned him, he was turned over to the U.S. Marshals and charged in this court. He claims that he has been in federal custody since February 2, 2009, and he and his attorney have made several attempts to retrieve his property. Nichols states that Detective Lewis has informed him that the property would be returned to him when he received a final judgment.[1] He alleges that this court has ordered Lewis to return the property to him within

---

[1] Nichols pleaded guilty to one count of felon in possession of ammunition and was sentenced on December 22, 2009. *See United States v. Nichols*, Criminal No. CCB-09-63 (D. Md.). His appeal remains pending in the Fourth Circuit.

sixty days of January 15, 2010, but thus far only his vehicle has been released.[2] He claims that the government has indicated that the "rest of the property is being seized due to an ongoing investigation." Nichols states, however, that he has been convicted in federal court and his money, watch, cell phones, and license have nothing to do with any ongoing investigation. Paper No. 1. He maintains that Detective Lewis is "unlawfully seizing my property and also violating several of my rights." Because he appears indigent, Nichols's motion for leave to proceed *in forma pauperis* shall be granted.

Nichols does not seek the return of the $3,060.00 in cash, his watch, cell phones, or driver's license. Rather, he raises a civil rights challenge to Lewis's confiscation and retention of his property under vague and conclusory grounds and seeks 2.5 million dollars in compensatory relief. The court, however, finds that Nichols has failed to articulate a colorable constitutional claim against Detective Lewis. There is no showing that the property has been illegally seized or retained or has been unconstitutionally forfeited by local law enforcement. Further, in light of affirmations that, as recently as May 2010, the property was being retained by Baltimore City Police pending an investigation,[3] and the fact that Nichols raises a general challenge to Lewis's search and seizure of property, the current allegations imply the invalidity of Nichols's federal conviction and any

---

[2] This statement is not factually correct. In *Nichols v. United States*, Civil Action No. CCB-10-59 (D. Md.), Nichols sought the return of property addressed in this case. The federal government was ordered to inform the court what property needed to be retained pending resolution of Nichols's appeal. A May 2010 response indicated that all property, with the exception of Nichols's car, was being retained by the Baltimore City Police Department pending an investigation. Nichols acknowledges that the car was returned to him. On June 30, 2010, the court dismissed the case, finding that the federal government was no longer in possession of the property at issue. The court suggested that Nichols may request the return of the property from the Baltimore City Police Department, but offered no opinion as to whether the Department was entitled to retain the property.

[3] There is no indication that Nichols has attempted to resolve the matter through formal or informal state administrative or court processes.

potential state court charges. His damage claims call into question *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (civil rights damage claim implicating validity of conviction cannot be maintained unless movant can show his conviction has been reversed on appeal, expunged by executive order, declared invalid by a tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus).

A separate order follows dismissing this complaint without prejudice.


Date:     September 28, 2010                              /s/
                                                  Catherine C. Blake
                                                  United States District Judge